FILED

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BIG HORN COUNTY ELECTRIC
COOPERATIVE, INC., a Montana
Corporation,

        Plaintiff-Appellant,

v.

ALDEN BIG MAN; et al.,

        Defendants-Appellees.

No. 21-35223

D.C. No.
1:17-cv-00065-SPW-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 8, 2022
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Big Horn County Electric Cooperative (BHCEC) appeals the district court's

grant of summary judgment for all defendants, holding that the Crow Tribe has

regulatory and adjudicatory authority over BHCEC's activities on the land where

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Big Man resides. The district court determined that Big Man resides on tribal trust land and that BHCEC had not met its burden of showing that Congress intended to divest Crow of its tribal jurisdiction over BHCEC's actions on that land. In the alternative, the district court concluded that both exceptions detailed in *Montana v. United States*, 450 U.S. 544 (1981), apply: 1) BHCEC formed a consensual relationship with the Tribe and there is a sufficient nexus between the regulation and that relationship, and 2) BHCEC's conduct has a direct effect on the health and welfare of a tribal member. We conclude that the first *Montana* exception is sufficient to sustain tribal jurisdiction over the dispute. We affirm the district court's grant of summary judgment on that ground.

The Tribal Council of the Crow Tribe adopted as part of the Crow Law and Order Code, Title 20 Utilities, Chapter 1, Termination of Electric Service. One provision of that chapter prohibits, for any reason, termination of electric service from "November 1st to April 1st except with specific prior approval of the [Crow Tribe Health] Board." In January 2012, Big Man became delinquent under the payment provisions of his membership agreement with BHCEC. Big Man was given notice of his delinquency in accordance with BHCEC's rules and governing policy. The termination notice invited Big Man to "contact one of our offices to see if you would qualify for a payment arrangement." Having received no

2

communication from Big Man, BHCEC disconnected his electric service in late January, without prior approval of the Tribe.

In *Big Horn County Electric Cooperative, Inc. v. Adams*, 219 F.3d 944 (9th Cir. 2000), we determined that the BHCEC's "voluntary provision of electrical services" on the Tribe's reservation and its contracts with tribal members to provide electrical services created a consensual relationship, within the meaning of *Montana*. 219 F.3d at 951. In *Adams*, we did not limit the tribal court's jurisdiction to suits on the contract, but merely reaffirmed that the regulation/suit must arise out of the *activity* that is the subject of the contracts/consensual relationship—the provision of electric services. *Id.*

As the district court correctly noted, and the tribal defendants have argued, the regulation has a nexus to the activity that is the subject of the consensual relationship between BHCEC and the Tribe: "Title 20 prevents termination of electrical service during winter months without approval of the tribal health board." The unlawful termination of Big Man's electricity services is directly related to the consensual relationship. BHCEC provides electrical service to tribal members on the reservation and the Tribe is seeking to regulate the manner in which BHCEC provides, and stops providing, that service. Put simply,

3

the winter electric regulation conditions one aspect of the consensual relationship. Finding that the first *Montana* exception applies, we need not reach the other grounds for summary judgment.

    **AFFIRMED.**